## UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MAUREEN A BARRY, | ) | Bankruptcy No. 18 B 22245 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

### NOTICE OF MOTION

**To:**  See Attached Service List

PLEASE TAKE NOTICE that on **Thursday, May 2, 2019, at 9:30 a.m.**, we will appear before the Honorable Jacqueline P. Cox or such other Judge as may be presiding in that Judge's stead, in courtroom 680, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present our **Chapter 7 Trustee's Motion to Approve Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019,** a copy of which is attached hereto and served upon you herewith.

Date:  April 11, 2019                **DAVID P. LEIBOWITZ, not individually, but as the Chapter 7 Trustee of the Debtor's Estate**

                By:   /s/ David P. Leibowitz
                    David P. Leibowitz (ARDC # 1612271)
                    Law Offices of David P. Leibowitz, LLC
                    53 West Jackson Boulevard, Suite 1115
                    Chicago, IL 60604
                    (312) 360-1501

### CERTIFICATE OF SERVICE

On April 11, 2019, the undersigned certifies that on this date, she caused a copy of the foregoing notice and the document referred to therein to be served upon each person shown on the attached service list by United States Mail, with postage prepaid, at Chicago, Illinois.  Those marked with an * were served via the Court's ECF System.

                    /s/ Linda A. Green
                    Attorney

**SERVICE LIST**

TOYOTA MOTOR CREDIT CORPORATION
PO BOX 8026
CEDAR RAPIDS IA 52408-8026

Barclays Bank Delaware
P.O. Box 8802
Wilmington, DE 19899-8802

BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Citi Simplicity
P.O. Box 6500
Sioux Falls, SD 57117-6500

Laboratory Corporation of America
P.O. Box 2240
Burlington, NC 27216-2240

Northwest Community Healthcare
28079 Network Place
Chicago, IL 60673-1280

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1702 *

Lynda Wesley
Law Office of Lynda Wesley
800 E Northwest Hwy Ste 700
Palatine, IL 60074-6513 *

Rush Univ. Medical Center
P.O. Box 4075
Carol Stream, IL 60197-4075

Dept. of Education
FedLoan Servicing
P.O. Box 69184
Harrisburg, PA 17106-9184

Maureen A Barry
200 N. Arlington Heights Road
Apt. 1014
Arlington Heights, IL 60004-6053

Patrick S Layng

Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027 *

Andreou & Casson, Ltd.
Agent for James Greskovich
661 W. Lake Street, Suite 2 North
Chicago, IL 60661-1034

Advanced Women's Healthcare Specia
P.O. Box 14099
Belfast, ME 04915-4034

Greskovich, James
c/o Corboy & Demetrio
33 N. Dearborn, 21st Floor
Chicago, IL 60602-3192

Northwest Eye Physicians
Dr. Adam Prickett
1588 N. Arlington Heights Road
Arlington Heights, IL 60004-3906

Chase Bank USA, NA
P.O. Box 15298
Wilmington, DE 19850-5298

DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

## UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MAUREEN A BARRY, | ) | Bankruptcy No. 18 B 22245 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

### CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

David P. Leibowitz ("Trustee"), not individually, but as the Chapter 7 Trustee for the estate of Maureen A. Barry ("Debtor"), hereby moves for an order authorizing him to settle and compromise a controversy pursuant to Bankruptcy Rule 9019. In support of this Motion, the Trustee respectfully states as follows:[1]

### JURISDICTION

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper pursuant to 28 U.S.C. § 1408.

3. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

### FACTUAL AND PROCEDURAL BACKGROUND

4. On August 7, 2018 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. David P. Leibowitz is the duly appointed, qualified, and acting chapter 7 Trustee in this case.

---

[1] All chapter, section and rule references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Code"), and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

6. According to Debtor's testimony at the § 341 meeting of creditors, Debtor owns a diamond wedding ring (the "Ring") and a one-half interest in a 2012 Toyota Prius hatchback (the "Vehicle Interest"). After the § 341 meeting, on September 12, 2018, the Trustee filed his Initial Report of Assets. Thereafter, Debtor amended her Schedule B to include these assets, listing the Ring at a value of $1,585 and the Vehicle Interest at $4,500. The Trustee requested appraisals, and Debtor provided appraisals supporting the scheduled values. After deducting the $2,400 exemption claimed by Debtor in the Vehicle Interest, the non-exempt value of the two assets is $3,685.

7. The Trustee has negotiated with Debtor a settlement of his cause of action for recovery of the non-exempt value of the Vehicle Interest and the Ring, subject to this Court's approval, for the sum of $2,500.00 ("Settlement Sum"), to be paid in eight equal installments of $300 each, beginning April 1, 2019, and a final installment of $100 payable on December 1, 2019. The Trustee has already received, subject to this Court's approval, the first installment.

## REQUESTED RELIEF

8. The Trustee requests that the Court enter an order approving the compromise and settlement set forth above and authorizing the Trustee to execute any and all documents reasonably necessary to consummate same.

## BASIS FOR REQUESTED RELIEF

9. Bankruptcy Rule 9019(a) authorizes the Court, after a hearing on appropriate notice, to approve a compromise or a settlement so long as "the settlement is in the best interests of the estate." *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992); *In re Energy Co-op, Inc.*, 886 F.2d 921, 926-27 (7th Cir. 1989). To determine whether a settlement is in the best interest of the estate, the Court should consider the risks and cost of the litigation and any delay associated therewith. *Id.* Compromises are favored in bankruptcy, as they expedite the administration of the case and reduce administrative costs. *See, e.g., Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000). Though a court should

never simply "rubber stamp" a trustee's decision to settle a matter, a court should refuse to authorize a settlement only if it "falls below the lowest point in the range of reasonableness." *Energy Co-op*, 886 F.2d at 929.

10. The Trustee, in the exercise of his business judgment, believes that the proposed settlement is in the best interest of the estate and certainly within the range of reasonableness. In making this determination, the Trustee has taken into account all relevant factors, including but not limited to the risk inherent in prosecuting litigation of the estate's claim for recovery of the non-exempt assets, the cost incurred and expected to be incurred if no settlement is consummated, and any delay associated with such litigation.

11. To this end, the Trustee performed a cost benefit analysis before determining to agree to the settlement and at all times was mindful of his obligations under *In re Taxman Clothing Co.*, 49 F.3d 310, 315-16 (7th Cir. 1995), to consider the value of assets in relation to the expense of attaining those assets for distribution to creditors.

12. In sum, the Trustee believes that all relevant factors counsel in favor of agreeing to the settlement proposal, as outlined above.

## NOTICE

13. Notice of this Motion has been given to Debtor, her counsel, the Office of the United States Trustee, all known creditors of this estate, and all parties who have requested or receive notice through CM/ECF. In light of the nature of the relief requested, the Trustee requests that this Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

**WHEREFORE**, David P. Leibowitz, chapter 7 Trustee of the estate of Maureen A. Barry, respectfully requests that this Court enter an order:

(i) granting this Motion;

(ii) approving the settlement of the estate's claim for recovery of the non-exempt assets as described above;

(iii) authorizing the Trustee to take all actions and execute all documents reasonably necessary to effectuate the settlement; and

(iv) granting such other and further relief as the Court deems just and proper.

Dated: April 11, 2019

Respectfully submitted,

**DAVID P. LEIBOWITZ, not individually, but as the Chapter 7 Trustee of the Debtor's Estate**

By:  /s/ David P. Leibowitz
David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
53 West Jackson Boulevard, Suite 1115
Chicago, IL 60604
(312) 360-1501