# UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MAUREEN A BARRY, | ) | Bankruptcy No. 18 B 22245 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

## NOTICE OF MOTION

**To:** Maureen A Barry, 200 N. Arlington Heights Road Apt. 1014, Arlington Heights, IL 60004

Lynda Wesley, 800 E. Northwest Hwy., Suite 700, Palatine, IL 60067*

United States Trustee Patrick S. Layng, Office of the United States Trustee, 219 South Dearborn Street, Suite 873, Chicago, IL 60604*

PLEASE TAKE NOTICE that on **Thursday, May 2, 2019, at 9:30 a.m.**, we will appear before the Honorable Jacqueline P. Cox or such other Judge as may be presiding in that Judge's stead, in courtroom 680, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present our **APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY AND RETAIN DAVID P. LEIBOWITZ AND THE LAW OFFICES OF DAVID P. LEIBOWITZ, LLC**, a copy of which is attached hereto and served upon you herewith.

Date: April 25, 2019

        **DAVID P. LEIBOWITZ, not individually, but as the Chapter 7 Trustee of the Debtor's Estate**

        By:  /s/ David P. Leibowitz
            David P. Leibowitz (ARDC # 1612271)
            Law Offices of David P. Leibowitz, LLC
            53 West Jackson Boulevard, Suite 1115
            Chicago, IL 60604
            (312) 360-1501

## CERTIFICATE OF SERVICE

On April 25, 2019, the undersigned certifies that on this date, she caused a copy of the above document to be served upon each person shown on the foregoing Notice, by United States Mail, with postage prepaid, at Chicago, Illinois. Those marked with an * were served via the Court's ECF System.

        /s/ Linda A. Green
        Attorney

# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MAUREEN A BARRY, | ) | Bankruptcy No. 18 B 22245 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

### APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY AND RETAIN DAVID P. LEIBOWITZ AND THE LAW OFFICES OF DAVID P. LEIBOWITZ, LLC

David P. Leibowitz ("Trustee"), not individually but as the Chapter 7 Trustee of the estate of Maureen A Barry ("Debtor"), pursuant to 11 U.S.C. §§ 327(a) and (d), and 328(a) and Federal Rules of Bankruptcy Procedure 2014 and 2016, hereby moves for an order authorizing the Trustee to employ David P. Leibowitz and the Law Offices of David P. Leibowitz, LLC ("LODPL") as his counsel.[1]  In support of this Application, the Trustee relies upon the *Declaration of David P. Leibowitz in Accordance with Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014 and in Support of the Trustee's Application to Retain and Employ David P. Leibowitz and the Law Offices of David P. Leibowitz, LLC* (the "*Leibowitz Declaration*"), attached hereto as **Exhibit A** and incorporated herein by reference, and respectfully states the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408.

2. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

---

[1] All chapter, section and rule references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037 ("Bankruptcy Rules").

## FACTUAL AND PROCEDURAL BACKGROUND

4. Debtor filed a voluntary chapter 7 petition on August 7, 2018.

5. David P. Leibowitz is the duly appointed, qualified, and acting chapter 7 trustee in this case.

## THE TRUSTEE'S NEED TO RETAIN COUNSEL

6. The Trustee requires the assistance of counsel in order to represent him on an as-needed basis in carrying out his statutory duties under the Bankruptcy Code. The Trustee seeks to retain LODPL for this purpose.

7. Specifically, legal services are required in connection, *inter alia*, with the settlement of the right to recover the non-exempt value of Debtor's vehicle and ring and the filing and prosecution of a claim for Debtor's share in any recovery in the FTC suit against MOBE Ltd., currently pending in the Middle District of Florida.

8. The Trustee seeks to have LODPL represent him in this case because of its attorneys' expertise and knowledge in the field of bankruptcy law. The Trustee believes that retaining LODPL is the most efficient and cost-effective means by which to obtain legal services necessary for him to administer this case and to perform his statutory duties. The Trustee believes retaining LODPL is in the best interest of the Debtor's estate.

9. LODPL is willing to serve as the Trustee's counsel on the terms and conditions set forth herein and in the *Leibowitz Declaration*.

10. Among those terms, LODPL will seek reimbursement of its expenses, if any, that it ordinarily and customarily charges its non-bankruptcy clients. Such expenses include, but are not limited to, mailings and computerized legal research.

11. LODPL attorneys maintain, and will continue to maintain, detailed and contemporaneous records of: (a) time; and (b) any actual and necessary expenses incurred in rendering services in this case.

## RELIEF REQUESTED

12. The Trustee requests that this Court authorize and approve the retention and employment of David P. Leibowitz and LODPL on the terms and conditions set forth herein and in the *Leibowitz Declaration*, upon the bases cited below.

## BASIS FOR RELIEF REQUESTED

13. Section 327 provides in pertinent part:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title . . .

11 U.S.C. § 327.

14. To the best of the Trustee's knowledge, information, and belief, and other than as discussed herein or in the *Leibowitz Declaration*: (a) neither LODPL, nor any professional thereof, holds or represents or has held or represented any interest adverse to the interest of the Debtor's estate or any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason; and (b) LODPL and its professionals are and have been since the commencement of this case "disinterested persons," as that term is used in Section 327(a) and defined in Section 101(14) of the Bankruptcy Code.

15. Except as noted herein or in the *Leibowitz Declaration*, LODPL does not have any connection with Debtor, her creditors, any other party in interest, their respective attorneys or

accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

16. No promises have been received by LODPL, or any member or associate thereof, concerning compensation in connection with this case, and LODPL has no agreement with any entity to share any compensation it receives from Debtor's estate, other than as permitted under the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable Order of this Court.

17. To date, LODPL has not received any compensation from the Debtor's estate in this case.

18. The Trustee requires counsel knowledgeable with respect to bankruptcy law to render the above-described essential professional services and believes that employment of David P. Leibowitz and LODPL is in the best interests of Trustee, the creditors, and Debtor's estate generally.

19. Section 328(a) permits the Trustee, subject to this Court's approval, to employ or authorize the employment of a professional person under section 327 "on any reasonable terms and conditions of employment, including . . . on an hourly basis[.]" When the Trustee employs a law partnership, it includes "any partner, member, or regular associate of the partnership . . [to] act as attorney . . . so employed, without further order of the court." FED. R. BANKR. P. 2014(b).

20. LODPL, and the professionals thereof, have extensive experience in bankruptcy cases and commercial litigation and are well qualified to represent the Trustee's interests in this case. The attorney who will have primary responsibility for this representation is David P. Leibowitz, managing member of LODPL, who has practiced in this district since 1974.

21. The current hourly rates for the attorneys at LODPL range from $450.00 to $650.00. The hourly rates charged by LODPL's professionals differ based upon a number of factors,

including the level of experience of each professional. Specifically, the hourly rates of the professionals working on this case are as follows:

| Professional | Title | 2019 Hourly Rate |
|---|---|---|
| Green, Linda A. | Senior Counsel | $450 |
| Leibowitz, David P. | Managing Member | $650 |

22. The professional fees and costs incurred by LODPL in the course of its representation of the Trustee in this case shall be subject in all respects to the application and notice requirements of §§ 327, 330, and 331 and Rules 2014 and 2016.

23. The Trustee requests that the employment of LODPL be retroactive to April 10, 2019. It was on that date that LODPL began its efforts to review Debtor's financial affairs and to take steps to evaluate Debtor's property and the motions and pleadings that would be necessary to preserve the estate's rights therein.

## NOTICE

24. Notice of this Motion was provided to: (a) the Debtor; (b) Debtor's counsel; (c) the Office of the United States Trustee; and (d) all parties that have requested or receive notice through CM/ECF. In light of the nature of the relief requested, the Trustee requests that this Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

**WHEREFORE**, the Trustee requests that the Court enter an order:

(a) Granting this Application;

(b) Authorizing the Trustee to employ David P. Leibowitz and LODPL as his counsel retroactive to April 10, 2019, with fees and expenses to be paid as administrative expenses in such amounts as the Court may hereafter determine and allow;

(c) Finding notice of this Application as given sufficient; and

(d) Granting such further relief as the Court deems just and proper.

**DAVID P. LEIBOWITZ, not individually, but solely in his capacity as chapter 7 trustee of the Debtor's estate**

By: */s/ David P. Leibowitz*
David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
53 West Jackson Boulevard, Suite 1115
Chicago, IL 60604
(312) 360-1501
*Proposed Counsel to the Chapter 7 Trustee David P. Leibowitz*